[663 NYS2d 75]

In the Matter of JEFFREY S. POMERANTZ (Admitted as JEFFREY STEVEN POMERANTZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 6, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*La Rossa, Mitchell & Ross,* New York City *(Michael S. Ross* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition, dated November 26, 1996, contained two

charges of professional misconduct against the respondent. The Special Referee sustained both charges. Both the Grievance Committee and the respondent now move to confirm the Special Referee's report. The respondent also seeks to limit the sanction imposed to a public censure.

Charge One alleged that the respondent was convicted of a serious crime and thereby violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

On July 23, 1996, the respondent was convicted in the Supreme Court, New York County, of one count of commercial bribing in the second degree, a class A misdemeanor, in violation of Penal Law § 180.00, upon his plea of guilty. He was sentenced to an unconditional discharge.

Charge Two alleged that, based on the facts set forth in Charge One, the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the uncontroverted evidence, the Special Referee properly sustained both charges, and the respective motions are granted to the extent that the Special Referee's report is confirmed.

In determining the appropriate measure of discipline to impose, we note the mitigating circumstances advanced by the respondent, including the aberrational nature of his single act of misconduct, the severe medical problems existing in his family, and the fact that the proposed payment of the gratuity was not for the purpose of enhancing the settlement, but to expedite its handling. Notwithstanding these circumstances, the respondent participated in a bribery attempt which was cut short by the intervention of the District Attorney. The fact that his misconduct did not have any impact upon the judicial process does not erase the fact that he improperly attempted to expedite an insurance settlement in order to enhance his own financial circumstances. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and PIZZUTO, JJ., concur.

Ordered that the motion by the petitioner and the respondent to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey S. Pomerantz, is suspended from the practice of law for a period of two years,

commencing November 3, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey S. Pomerantz, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.